UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-21226-ALTMAN/REID

SYLVIA BREAUX,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.

_____/

## REPORT OF MAGISTRATE JUDGE

This cause is before the Court on Defendant, NCL (Bahama) Ltd.'s Motion for Bill of Costs [ECF No. 158], which was referred to the Undersigned for a Report and Recommendation [ECF No. 159]. As addressed below, it is **RECOMMENDED** that the Motion be **GRANTED**, and Defendant be awarded $5,337.91 in taxable costs.

## BACKGROUND

This is a negligence action in which Plaintiff, Sylvia Breaux, a passenger on a cruise ship, alleges she received negligent medical care from the shipboard physician following an injury she sustained while on an excursion off the cruise ship. Defendant filed a Motion for Summary Judgment [ECF No. 94], which the Court granted on June 24, 2022 [ECF No. 156]. Final judgment was entered in favor of Defendant the same day. [ECF No. 157]. Shortly thereafter, Defendant Filed its Motion for Bill of Costs, in which it is seeking costs for the following: (1) $645.00 for fees related to service of subpoenas; (2) $4,219.66 for deposition transcripts and court reporter appearances related thereto; (3) $273.25 for copies of documents obtained for use in the case; and

1

(4) $200.00 for witness fees in connection with the depositions of various witnesses. [ECF No. 158 at 1]. Plaintiff filed no response.

## DISCUSSION

Defendant seeks $5,337.91 in taxable costs under Federal Rule of Civil Procedure 54(d). The taxable costs Defendant seeks are those permitted under 28 U.S.C. § 1920. Defendant's Motion, as well as its Bill of Costs, comply with the statutory requirements, Federal Rules of Civil Procedure, and the Local Rules for this District. Therefore, as discussed more fully below, Defendant is entitled to taxable costs, and the Motion should be granted.

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Generally, under Rule 54(d), the prevailing party is the one who receives a favorable judgment. *Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). The taxable costs a prevailing party may collect are those specified in 28 U.S.C. § 1920. *Id.* Rule 54(d), therefore, "creates a strong presumption that the prevailing party will be awarded costs provided those costs do not exceed those permitted by 28 U.S.C. § 1920." *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (internal quotation marks and citation omitted). Section 1920 provides that a Court of the United States may tax as costs the following:

(1) "fees of the clerk and marshal";

(2) "fees for printed or electronically recorded transcripts necessarily obtained for use in the case";

(3) fees related to "printing and witnesses";

(4) fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case";

    (5) "docket fees"; and

    (6) "compensation of court appointed experts" and fees related to interpretation services.

28 U.S.C. § 1920(1)–(6). The party requesting costs bears the burden of submitting a request which allows the court to make an informed decision regarding the appropriateness of the costs sought. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). Additionally, Local Rule 7.3(c) requires the movant to file a Bill of Costs that provides the taxable costs the party seeks under 28 U.S.C. § 1920. S.D. Fla. L.R. 7.3(c).

    **I.**    **Defendant is the Prevailing Party**

    Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). "A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017). A prevailing party is "one who has succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 791 (1989). A prevailing party, however, "need not prevail on all issues to justify a full award of costs … [a] party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)).

    Here, Defendant is the prevailing party because its Motion for Summary Judgment was granted, and final judgment entered in its favor. Accordingly, the court-ordered alteration in the parties' relationship was in Defendant's favor. In the Court granting its Motion for Summary

3

Judgment, Defendant obtained the relief it sought—to have Plaintiff's claims dismissed. As such, under Rule 54(d) there is a presumption Defendant is entitled to taxable costs.

## II.     Process Server Fees

Defendant seeks "$645.00 for fees for service of subpoenas." [ECF No. 158 at 1]. Section 1920(1) permits taxation of costs for "fees of the clerk and marshal." 28 U.S.C. § 1920(1). Although the statutory language does not expressly provide for recovery of fees for private party process servers, the Eleventh Circuit has recognized that "[s]ince the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed. The U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server." *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (quotation and internal citations omitted). As such, "private process server fees may be taxed pursuant to §§ 1920(1) and 1921 … [as long as] taxing private process server fees … do not exceed the statutory fees authorized in § 1921." *Id.* at 624. The current Marshal's fee is $65 per hour (or portion thereof). 28 C.F.R. § 0.114(a)(3).

Here, the service of process fees Defendant hopes to recover are those "incurred for service of process on multiple record custodians of the Plaintiff's medical providers." [ECF No. 158 at 5]. Although some of the invoices made in connection with these incidents of service exceed $65.00 per hour, Defendant has "reduced the total amount of costs," for any fee exceeding $65.00 per hour to comply with the $65.00 per hour limitation. [*Id.*]; *see also* [ECF No. 158-2 at 2]. Defendant, having reduced the costs, and this Court finding no issue with the amount sought and those permitted by statute, should be permitted to recover $645.00 as taxable costs.

### III. Transcript Fees

The second set of costs Defendant seeks reimbursement for is the $4,219.66 incurred for "deposition costs, which include transcript costs, video depositions, and court reporter appearances." [ECF No. 158 at 6]. Section 1920(2) permits recovery of costs for the "[f]ees of the court for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Although use of a transcript at trial is the quintessential indication the transcript was necessarily obtained, transcript fees are still taxable even when they are not critical to a party's success. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). "Because the parties presumably have equal knowledge of the basis for each deposition … the non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Id.*

Here, Defendant seeks costs associated with the eight different invoices for deposition transcripts and appearances. Defendant contends that "most of these depositions were used to support the argument set forth in Defendant's Motion for Summary Judgment and were necessary to develop such legal arguments." [ECF No. 158 at 7]. As such, Defendant has sufficiently demonstrated the depositions, and related costs, were necessary for its defense of this case. Plaintiff bears the burden of showing a specific deposition, or the transcripts thereto, were not in fact necessary for use in the case. In failing to file a response, Plaintiff has failed to meet her burden. Plaintiff having failed to challenge any of these costs, and the Court finding Defendant has sufficiently demonstrated the necessity of these depositions, Defendant should be awarded the taxable costs associated with the deposition transcripts.

### IV. Copying Costs

Defendant requests $273.25 for copies "necessarily obtained for use in the case." [*Id.* at 8]. Section 1920(4) provides that a party may recover "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The party seeking taxation of costs incurred in copying documents must provide evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994). "Because the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary." *Monelus*, 609 F. Supp. 2d at 1335 (citing *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992)). "Rather, the prevailing party must provide information regarding the purpose of the copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue." *Id.*

Defendant contends the copies for which it seeks costs "were for exhibits to pleadings, documents in connection with discovery, documents used in preparation of and during depositions, trial exhibits, and documents otherwise prepared for the Court's consideration." [ECF No. 158 at 8]. Although Defendant could have provided a more thorough explanation of the necessity of the copies, it has presented sufficient information with which this Court can determine the propriety of awarding taxable costs for copies of records. The rates charged for these copies appear reasonable, and the copies themselves were important to taking steps necessary for the defense of the case, including in use for depositions which aided Defendant's ultimate success on its Motion for Summary Judgment. Therefore, Plaintiff should receive $273.25 in taxable costs for the copies.

## V.     Witness Fees

Defendant seeks $200.00 in witness fees in connection with the deposition attendance of five witnesses. [*Id.*]. "Witness fees are statutorily mandated by 28 U.S.C. § 1920(3) … [h]owever, the amount of witness fees and taxable costs are governed by 28 U.S.C. § 1821…." *Rosenfeld v. Oceania Cruises, Inc.*, No. 08-22174-CIV, 2010 WL 11505555, at *3 (S.D. Fla. May 25, 201). "A witness who appears before a federal court 'or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States' is entitled to fees and allowances, including 'an attendance fee of $40 per day for each day's attendance." *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (quoting 28 U.S.C. § 1821). Here, the witness fees incurred by the witnesses' deposition attendance is the type of witness fee permitted by statute. Additionally, Defendants limits its request to the $40.00 amount permitted for each of its five witnesses. Therefore, Defendant should be permitted to recover $200.00 in witness fees.

## VI.    Interest

Defendant requests that this Court permit it to recover interest on any cost award. The Eleventh Circuit has provided "when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988). The "post-judgment interest rate is determined by the 'weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.'" *Soto v. Miami-Dade County*, No. 14-cv-21307, 2019 WL 5212389, at *10 (S.D. Fla. Aug. 21, 2019), *report and recommendation adopted*, 2019 WL 5215391 (S.D. Fla. Sept. 5, 2019) (citing 28 U.S.C. § 1961(a)).

Given that Defendant is the prevailing party in this action, it is statutorily entitled to post-judgment interest at the permitted rate. According to the Board of Governors of the Federal Reserve System, the interest rate applicable for the calendar week ending June 17, 2022, the week before the date of judgment, is 2.86%. This rate of interest should be applied to the award of costs, effective as of June 24, 2022, the date of Final Judgment for Defendant.

## **CONCLUSION**

For the foregoing reasons it is **RECOMMENDED** that Defendant's Motion to Tax Costs [ECF No. 158] be **GRANTED**, and Defendant be awarded $5,337.91 in taxable costs, plus post-judgment interest of 2.86% accruing June 24, 2022, the date of Final Judgment.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 21st day of September, 2022.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **United States District Judge Roy K. Altman;**

**All Counsel of Record**